1  James F. Valentine, CSB 149269
   JValentine@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
4  Facsimile: 650.838.4350

5  Amanda Tessar*
   ATessar@perkinscoie.com
6  Kourtney Mueller Merrill*
   KMerrill@perkinscoie.com
7  PERKINS COIE LLP
   1900 Sixteenth Street, Suite 1400
8  Denver, CO 80202
   Telephone: 303.291.2300
9  Facsimile: 303.291.2400

10 Carmen Wong*
   CWong@perkinscoie.com
11 PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
12 Seattle, WA 98101
   Telephone: 206.359.8000
13 Facsimile: 206.359.9000

14 *Pro hac vice applications will be filed

15 Attorneys for Plaintiff
   M/A-COM Technology Solutions Holdings, Inc.
16

17                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
18                     SAN JOSE DIVISION

19

| | |
|---|---|
| M/A-COM TECHNOLOGY SOLUTIONS HOLDINGS, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| GIGOPTIX, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

PLAINTIFF MACOM'S COMPLAINT
FOR PATENT INFRINGEMENT

Plaintiff M/A-COM Technology Solutions Holdings, Inc., by and through its attorneys Perkins Coie LLP, files this Complaint for Patent Infringement against GigOptix, Inc. ("GigOptix"), stating as follows:

## THE PARTIES

1. M/A-COM Technology Solutions Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and headquarters located at 100 Chelmsford Street, Lowell, Massachusetts 01851.

2. On information and belief, Defendant GigOptix is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and headquarters located at 130 Baytech Drive, San Jose, California 95134.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including but not limited to 35 U.S.C. §§ 271 and 281.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, GigOptix has solicited and transacted business in this District, including business directly related to the patent infringement cause of action set forth herein.

6. This Court has personal jurisdiction over GigOptix because, among other things, GigOptix is conducting business in this District and has committed acts giving rise to this action within this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because GigOptix conducts business in this District, GigOptix has committed acts giving rise to this action in this District, a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and GigOptix is subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT**

8. Intradistrict assignment is proper in San Jose pursuant to Local Rule 3-2 because a substantial part of the acts giving rise to the claims asserted herein occurred in Santa Clara County and because GigOptix maintains its principal place of business in Santa Clara County.

**FACTUAL BACKGROUND**

9. M/A-COM Technology Solutions Holdings, Inc. is a holding company which consolidates the operations of numerous subsidiaries worldwide, including M/A-COM Technology Solutions Inc., a Delaware corporation, its principal operating subsidiary. Unless otherwise indicated, references in this complaint to "MACOM" shall mean MACOM and its consolidated subsidiaries.

10. MACOM is a leading provider of high performance analog semiconductor solutions for use in wireless and wireline applications. MACOM designs and manufactures standard and custom devices, integrated circuits, components, modules, and sub-systems, and has design, fabrication, manufacturing, assembly, test, and operational facilities in a number of geographies. MACOM's customers include entities from the networking, aerospace, defense, automotive, medical, and mobile industries.

11. On information and belief, GigOptix is a fabless supplier of semiconductor and optical components related to high speed information streaming. GigOptix focuses on the specification, design, development, and sale of, among other products, polymer modulators, such as those using electro-optics polymers.

12. MACOM and GigOptix both supply components for use in high speed optical communications systems operating at 10, 40, and 100 gigabits per second (Gbps). In some cases, MACOM and GigOptix compete for the same business.

13. On February 19, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,348,992 ("the '992 patent"), entitled "Sterically Stabilized Polyene-Bridged Second-Order Nonlinear Optical Chromophores and Devices Incorporating the Same." A copy of the '992 patent is attached hereto as Exhibit A.

14. M/A-COM Technology Solutions Holdings, Inc. is the owner and assignee of all right, title, and interest in and to the '992 patent.

15. On March 26, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,361,717 ("the '717 patent"), entitled "Sterically Stabilized Second-Order Nonlinear Optical Chromophores and Devices Incorporating the Same." A copy of the '717 patent is attached hereto as Exhibit B.

16. M/A-COM Technology Solutions Holdings, Inc. is the owner and assignee of all right, title, and interest in and to the '717 patent.

17. On information and belief, GigOptix makes, uses, imports, offers to sell, and/or sells in the United States nonlinear optical devices that utilize electro-optics polymers incorporating chromophores that infringe one or more claims of the '992 patent and the '717 patent. On further information and belief, the infringing nonlinear optical devices include certain GigOptix Mach-Zehnder modulator products, including products GigOptix markets or promotes as containing "Thin Film Polymer on Silicon ('TFPS$^{TM}$')" technology.

18. On information and belief, GigOptix has had knowledge of the '992 patent and the '717 patent since at least June of 2009 by virtue of the *Pacific Wave Industries, Inc. v. University of Southern California* litigation (Case No. BC403355 (Cal. Super. Ct., L.A. County)), in which its merged entity, Lumera Corporation, was named as a defendant. That litigation involved, among other allegations, claims of breach of contract and unfair competition relating to research that resulted in the '992 and '717 patents, including allegations specifically relating to patents and licenses derived from that research. On information and belief, the '992 and '717 patents were identified during the litigation and/or settlement negotiations, if not earlier.

19. GigOptix has thus had knowledge of the '992 patent and the '717 patent since at least June of 2009, and nevertheless infringed the '992 patent and the '717 patent despite knowledge that its actions constituted infringement of those patents.

## FIRST CLAIM FOR RELIEF

**(Infringement of United States Patent No. 6,348,992)**

20. Plaintiff incorporates by reference paragraphs 1-19.

21. GigOptix has been and currently is infringing one or more claims of the '992 patent in violation of 35 U.S.C. § 271(a), including but not limited to claims 15 and 17, by, among other things, making, using, importing, offering to sell, and/or selling in the United States products that embody the patented invention, including, for example, GigOptix Mach-Zehnder modulator products incorporating electro-optics polymers with chromophores.

22. GigOptix's infringement of the '992 patent has been willful and intentional because it has knowledge of the '992 patent, yet continues to infringe the patent by committing the acts described above.

23. GigOptix has been and currently is indirectly infringing one or more claims of the '992 patent in violation of 35 U.S.C. § 271(b) by inducing end users of GigOptix products to directly infringe one or more claims of the '992 patent through their use of the products.

24. On information and belief, GigOptix engages in such inducement knowingly, and has done so with knowledge that such activity encourages end users of the infringing products to directly infringe one or more claims of the '992 patent.

25. GigOptix has been and currently is indirectly infringing one of more claims of the '992 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States products that are components for use in practicing the invention claimed in the '992 patent.

26. The GigOptix products are material to practicing the invention and have no substantial non-infringing uses.

27. On information and belief, GigOptix engages in such contributory infringement knowingly, and has done so with knowledge that these components are especially made or adapted for use in infringing the '992 patent.

28. GigOptix's infringement of the '992 patent has caused and will continue to cause MACOM both monetary damage and irreparable harm for which it has no adequate remedy at law.

29. Unless this Court enjoins GigOptix's infringing conduct, MACOM will continue to be irreparably harmed by GigOptix's infringement of the '992 patent.

## SECOND CLAIM FOR RELIEF

### (Infringement of United States Patent No. 6,361,717)

30. Plaintiff incorporates by reference paragraphs 1-29.

31. GigOptix has been and currently is infringing one or more claims of the '717 patent in violation of 35 U.S.C. § 271(a), including but not limited to claims 11, 14, 15, and 16, by, among other things, making, using, importing, offering to sell, and/or selling in the United States products that embody the patented invention, including, for example, GigOptix Mach-Zehnder modulator products incorporating electro-optics polymers with chromophores.

32. GigOptix's infringement of the '717 patent has been willful and intentional because it has knowledge of the '717 patent, yet continues to infringe the patent by committing the acts described above.

33. GigOptix has been and currently is indirectly infringing one or more claims of the '717 patent in violation of 35 U.S.C. § 271(b) by inducing end users of GigOptix products to directly infringe one or more claims of the '717 patent through their use of the products.

34. On information and belief, GigOptix engages in such inducement knowingly, and has done so with knowledge that such activity encourages end users of the infringing products to directly infringe one or more claims of the '717 patent.

35. GigOptix has been and currently is indirectly infringing one of more claims of the '717 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States products that are components for use in practicing the invention claimed in the '717 patent.

36. The GigOptix products are material to practicing the invention and have no substantial non-infringing uses.

37. On information and belief, GigOptix engages in such contributory infringement knowingly, and has done so with knowledge that these components are especially made or adapted for use in infringing the '717 patent.

38. GigOptix's infringement of the '717 patent has caused and will continue to cause MACOM both monetary damage and irreparable harm for which it has no adequate remedy at law.

39. Unless this Court enjoins GigOptix's infringing conduct, MACOM will continue to be irreparably harmed by GigOptix's infringement of the '717 patent.

## **PRAYER FOR RELIEF**

Accordingly, Plaintiff M/A-COM Technology Solutions Holdings, Inc. respectfully requests that this Court enter judgment against Defendant GigOptix as follows:

40. A declaration that GigOptix has infringed the '992 patent;

41. A declaration that GigOptix has infringed the '717 patent;

42. A declaration that GigOptix's infringement was willful;

43. A preliminary and permanent injunction against continuing infringement of any of the claims of the '992 and '717 patents in any manner by GigOptix and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith;

44. An accounting for damages in an amount adequate to compensate MACOM for GigOptix's infringement, but in no event less than a reasonable royalty, including up to treble damages for willful infringement, and together with interest thereon;

45. A judgment in favor of MACOM that this is an exceptional case under 35 U.S.C. § 285, and an award to MACOM of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

46. An award of prejudgment interest under 35 U.S.C. § 284 and post-judgment interest under 35 U.S.C. § 1961 on all damages awarded; and

47. Such other costs and further relief as the Court may deem just and proper.

//

//

//

//

# JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

DATED:  August 22, 2013            **PERKINS COIE LLP**

By:     */s/ James F. Valentine*
         James F. Valentine
         JValentine@perkinscoie.com

Attorneys for Plaintiff
M/A-COM Technology Solutions Holdings, Inc.